```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF MISSOURI
                    EASTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10 CR 680 AGF / DDN |
| ) | |
| JUAN CARLOS RODRIGUEZ-MARTINEZ, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the pretrial motion of the government to transfer the case from the court's eastern division to the southeastern division. (Doc. 3.) The undersigned Magistrate Judge has authority to rule this motion as a nondispositive matter under 28 U.S.C. § 636(b). See United States v. Wright, 2002 WL 842208, at *1 (D. Neb. 2002); United States v. Chitolie, 2010 WL 2384550, at *3 (D. Virgin Islands 2010); cf., United States v. Adams, 2004 WL 1118587, at *2 (D. Minn. 2004)(review of Magistrate Judge's order under "clearly erroneous or contrary to law" standard for nondispositive matters under 28 U.S.C. § 636(b)(1)(A)); cf., United States v. Lopez, 343 F. Supp.2d 824, 825 (E. D. Mo. 2004)(*de novo* review of Magistrate Judge's recommendation on motion to transfer to another district, without discussion of whether the matter was nondispositive or dispositive under 28 U.S.C. § 636(b)).

On December 22, 2010, the grand jury in the eastern division of the court returned the indictment that initiated this case. The indictment bears the caption of the southeastern division and the clerk assigned the case to the eastern division. (Doc. 1.) The indictment is in one count and alleges the defendant was found in Dunklin County, Missouri, on May 30, 2007, after having been removed from the United States and without having obtained the consent of the Attorney General to reapply for admission, in violation of 8 U.S.C. § 1326(a)(1) and (2)(A).

The government's motion indicates that it presented the matter to the grand jury in the eastern division because the grand jury meeting in the southeastern division had to cancel its December 15, 2010 session

because of the threat of a winter storm, and because that grand jury would not meet again until January 20, 2011. (Doc. 3.) The motion also states that the alleged offense was committed in the southeastern division, in Dunklin County. (<u>Id.</u>); 28 U.S.C. § 105(a)(3).

Under Federal Rule of Criminal Procedure 18, the court can try this case at any location in the district "with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." <u>See</u> F.R.Cr.P. 18. E.D.Mo. Local Rule 2.07(C) provides that "All prosecutions of offenses committed in the Southeastern Division **shall** be brought in the Southeastern Division." <u>See</u> E.D.Mo. L.R. 2.07(C)(emphasis added). This dictate is tempered by Local Rule 2.07(D)'s allowance that, pursuant to F.R.Cr.P. 18, the court can fix the place of trial anywhere within the district, "giving due regard to the convenience of the defendant and the witnesses and the prompt administration of justice." <u>See</u> E.D.Mo. L.R. 2.07(D).

The motion of the government to transfer the case for trial in the southeastern division should be sustained. First, it was the intention of the government to present this case to the grand jury in the southeastern division and the indictment bears the caption of the southeastern division. Second, the offense is alleged to have occurred in that division. Thus, Local Rule 2.07(C) lends a measure of entitlement to have the case prosecuted in that division. Third, there is no indication in the record that the convenience of the defendant or of any witness tips the scale in favor of granting or not granting the motion. And fourth, the prompt administration of justice would occur in either division. Therefore,

**IT IS HEREBY ORDERED** that the motion of the government to transfer this case from the eastern division to the southeastern division (Doc. 3) is sustained. The Clerk of the Court shall transfer this case to the southeastern division and reassign it by the random selection process to a District Judge available for assignments of indictments in the southeastern division. Until further order, this case shall remain assigned to the undersigned Magistrate Judge under 28 U.S.C. § 636(b).

/S/   David D. Noce
                                    **UNITED STATES MAGISTRATE JUDGE**
Signed on January 3, 2011.